UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
_____

In re:

       TRAVIS G. RILEY and DENISE E.           Chapter 7
       RILEY,                                     Case No.: 13-61356

                                 *Debtors.*

_____

APPEARANCES:

SAUNDERS KAHLER LLP                MICHAEL CALLAN, ESQ.
*Attorney for Movant*
185 Genesee Street
Utica, New York 13501-2194

 BUCKLEY MADOLE, PC               MELISSA N. LICKER, ESQ.
*Attorney for JPMorgan Chase Bank, N.A.*
420 Lexington Avenue
Suite 840
New York, New York 10170

Honorable Diane Davis, United States Bankruptcy Judge

## MEMORANDUM-DECISION AND ORDER

Before the Court is a Motion to Reopen Case pursuant to Bankruptcy Code § 350(b)[1] and

Federal Rule of Bankruptcy Procedure Rule 5010[2] ("the Motion) filed by Saticoy Bay LLC Series

2110 Club Meadows ("Saticoy Bay") on February 9, 2017 (ECF No. 19).   Creditor JPMorgan

Chase Bank, N.A. ("Chase") filed an Objection to Saticoy Bay's Motion on February 23, 2017

(ECF No. 23), and Saticoy Bay filed a Reply to Chase's Objection on April 20, 2017 (ECF No.

28).   The Court heard the Motion at its regular motion term in Utica, New York on April 27, 2017,

and adjourned the Motion to allow the parties to file briefs on the issue of standing.   Chase filed

---

[1] Unless otherwise indicated, all chapter and section references are to the United States Bankruptcy Code (the "Code"),
11 U.S.C. §§ 101 – 1532 (2012).
[2] Unless otherwise indicated, all rule references are to the Federal Rules of Bankruptcy Procedure (the "Rules").

its brief on May 4, 2017 (ECF No. 29), and Saticoy Bay filed its response brief and an Affidavit

in Further Support of Motion to Reopen on May 11, 2017 (ECF Nos. 31 and 32, respectively).

After consideration of the parties' written submissions and arguments in this matter, the Court now

makes the following findings of fact and conclusions of law in accordance with Rules 7052 and

9014.

## Jurisdiction

The Motion is a contested matter under Rule 9014.  The Court has jurisdiction over the

parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334(b), 157(a), 157(b)(1),

and 157(b)(2)(A).

## Facts

Saticoy Bay moves to reopen the chapter 7 bankruptcy case filed by Travis G. Riley and

Denise E. Riley ("Debtors") in order to annul the automatic stay *nunc pro tunc.*  The facts of this

case are largely undisputed.  On April 25, 2012, prior to Debtors' bankruptcy filing, the Legacy

Village Property Owners Association (the "HOA") recorded a Notice of Delinquent Assessment

Lien against Debtors' real property located at 2110 Club Meadows Drive, Henderson, Nevada (the

"Property") for delinquent homeowners' association dues in the amount of $1,000.00.

Subsequently, the HOA recorded a Notice of Default and Election to Sell under Homeowners'

Association Lien in the Clark County Recorder's Office on September 11, 2012.  Nearly a year

later, on August 15, 2013, Debtors filed a voluntary petition for chapter 7 relief.  Debtors listed

the Property on Schedule A.  On Schedule D, Debtors indicated that Chase held a $252,000.00

mortgage on the Property.  Debtors listed the HOA as an unsecured creditor on Schedule F with a

claim in the amount of $1,000.00 for its delinquent dues, but did not provide for the secured HOA

lien.  The HOA did not file a proof of claim or object to its claim classification in Debtors' petition.

Debtors indicated their intent to surrender the Property in their Statement of Intention ("SOI").

On August 20, 2013, five days after Debtors filed for relief under the Code, the HOA sent a Notice of Trustee's Sale to numerous entities, including Chase and Debtors.  On August 26 and 27, 2013, the HOA posted Notices of Sale in six public places in Clark County, Nevada, and personally served the Notice upon the occupant of the premises.  On August 30, 2013, the HOA recorded the Notice of Sale in the official records.  Notwithstanding the automatic stay imposed by § 362(a), the HOA acted without requesting and receiving relief from the Court to lift the automatic stay pursuant to § 362(d).  Debtors received their discharge on November 25, 2013. Eight days after Debtors received their discharge, Movant, Saticoy Bay, purchased the premises from the HOA at a foreclosure sale.  Debtors' bankruptcy case was subsequently closed on December 11, 2013, and Saticoy Bay recorded its deed on December 12, 2013.

Saticoy Bay commenced an action to quiet title in Nevada state court ("Nevada State Court" or "Quiet Title Action") against Chase on January 8, 2014, seeking to quiet title and obtain a declaration that the non-judicial foreclosure sale extinguished the first position Deed of Trust held by Chase under Nevada state law.  Upon Debtors' motion and for reasons unrelated to the HOA or the Quiet Title Action, their case was reopened on November 12, 2014, but thereafter closed on February 11, 2015.

On September 21, 2016, the Nevada State Court ruled on cross motions for summary judgment in the Quiet Title Action.  Both parties have provided the Court with the hearing minutes. The Nevada State Court ordered:

> [Saticoy Bay]'s Motion for Summary Judgment CONDITIONALLY GRANTED, matter SET for status check, if bankruptcy court will annul the stay[,] then Court will enter judgment in favor of [Saticoy Bay]'s Motion for Summary

> Judgment and against Defendant on all causes of action except their unjust enrichment claim, if stay is not annulled then Defendant JPMorgan Chase Bank's Motion for Summary Judgment will be GRANTED.

Chase Obj. Mot. Reopen Ex. 6; Saticoy Bay Aff. Supp. Mot. Reopen Ex. G.[3]

Chase attached the declaration of Chet A. Glover, attorney for Chase in the Quiet Title Action, as an exhibit to their Objection. Chase Obj. Mot. Reopen Ex. 1.  According to Mr. Glover, if Saticoy Bay is granted summary judgment, then Chase's lien will be extinguished and Saticoy Bay will take its interest in the Property unencumbered.  *Id* at ¶ 12.  If this Court does not grant Saticoy Bay's relief, however, summary judgment will be granted in favor of Chase, and Saticoy Bay will still take its interest in the Property but that interest will be subject to Chase's lien.  *Id.*[4]

Saticoy Bay filed the present Motion on February 9, 2017, after the Nevada State Court granted it an additional ninety-day continuance on December 7, 2016, to seek the instant relief in this Court.

### Arguments

Chase raises three main arguments in opposition to the Motion: (1) Saticoy Bay is not a "party in interest" entitled or permitted to reopen a case, as required by Rule 5010; (2) Saticoy Bay lacks both constitutional and prudential standing to bring the Motion; and (3) Saticoy Bay does not have sufficient "cause" to reopen, as required by § 350(b).  In support of its first argument, Chase cites cases from courts around the country for the proposition that "party in interest" status should not extend to Saticoy Bay, as Saticoy Bay's interest in Debtors' Property did not arise until

---

[3] The Court notes that hearing minutes are not official court documents, but rather serve to generally explain the outcome of a hearing.  No order was signed by the Nevada State Court to memorialize the September 21, 2016 oral ruling.  As both parties have submitted the minutes as evidence of the Nevada State Court's ruling, the Court considers the minutes to accurately represent Judge Allf's ruling.

[4] For background purposes only, Nevada state law provides a homeowners' association with a true superpriority lien for up to nine (9) months of unpaid association dues.  NEV. REV. STAT. § 116.3116 (2017).  Upon proper foreclosure, that superpriority lien may extinguish an otherwise valid first deed of trust.  *US Bank, N.A. v. SFR Invs. Pool 1, LLC*, 124 F. Supp. 3d 1063 (D. Nev. Aug. 26, 2015).

eight days after Debtors received their discharge.  Next, Chase contends that Saticoy Bay lacks the required constitutional and prudential standing to bring this Motion because it is asserting the rights of a third party (the HOA), rather than its own.  Finally, Chase cites *In re HBLS, L.P.,* 468 B.R. 634 (Bankr. S.D.N.Y. 2012) (hereinafter "*In re HBLS*") and other supporting cases, to show that, under the totality of the circumstances, Saticoy Bay does not have sufficient "cause" to reopen.

Saticoy Bay's principal argument in support of its position that it is a "party in interest" under Rule 5010, and thus has standing to reopen this case, is that it has a financial and/or legal stake in Debtors' bankruptcy case and the application of the automatic stay.  Saticoy Bay does not provide the Court with any case law interpreting "party in interest" as it relates to Rule 5010. Rather, Saticoy Bay's sole argument is that it has constitutional and prudential standing because it (1) will suffer an injury-in-fact if the stay is not annulled to retroactively legitimize the HOA's foreclosure action and (2) is seeking to enforce its own rights to the Property, rather than the third party rights of the HOA.  Saticoy Bay also contends that Chase's challenge to Saticoy Bay's standing is made in bad faith because this standing argument conflicts with Chase's argument made in the underlying Quiet Title Action.  With respect to the substantive relief requested, Saticoy Bay urges this Court to rely upon and follow *In re Burke,* Case No. 12-12508-MKN, 2016 Bankr. LEXIS 2525 (Bankr. D. Nev. April 15, 2016), a case involving facts similar to those in this case regarding annulling the automatic stay *nunc pro tunc*.

### Discussion

Preliminarily, the Court must address two arguments advanced by Saticoy Bay that confuse the issue before the Court.  First, Saticoy Bay contends that because Chase argued that the property transfer was void as a violation of the automatic stay in the Nevada State Court, Chase is somehow

now enjoined from arguing before this Court that Saticoy Bay does not have standing to reopen

this case.  Saticoy Bay submits that this "presentation of conflicting arguments is being made in

bad faith and as a way to circumvent the ruling of the Nevada [State] Court."  Saticoy Bay Mem.

Law Supp. Mot. 8.  The Court disagrees.

In Nevada State Court, Chase argued that, by virtue of the improper foreclosure sale, the

transfer of property was void *ab initio* under Second Circuit case law.  Saticoy Bay conflates this

to mean that because Chase argued that Saticoy Bay was "intertwined and in part responsible for

the stay violations," that it is now in bad faith for Chase to argue that the stay violations are

attributable only to the HOA as a third party actor as a means of opposing Saticoy Bay's standing

before this Court in this matter.  *Id.*  Chase's argument that the invalid transfer of the Property

from the HOA to Saticoy Bay was void *ab initio* as a violation of the stay in the Quiet Title Action,

however, does not conflict with Chase's argument here that Saticoy Bay lacks standing as a party

in interest to reopen this bankruptcy case for the purpose of annulling the automatic stay *nunc pro*

*tunc* and validating the sale.  These arguments are not disingenuous because they are made in two

different fora, by different counsel, and with respect to different causes of action.  Furthermore,

they are not inherently inconsistent legal arguments.  The Court, therefore, concludes that Chase

did not act in bad faith by opposing the instant Motion.

Second, relying on *In re Emmerling*, Saticoy Bay argues that motions to reopen are

"merely ministerial" and have "no legal significance." *In re Emmerling,* 223 B.R. 860 (B.A.P. 2d

Cir. 1997).  However, standing was not an issue in *Emmerling*, as both the movant and the

opposing parties were "parties in interest."  Further, *Emmerling* illustrates the importance of

conducting an examination of the merits of the perspective relief sought to determine whether

cause exists to justify reopening a case.  It does not stand for the proposition that a motion to

reopen pursuant to § 350(b) is merely ministerial such that it should be granted as a matter of course.

Having disposed of these two arguments advanced by Saticoy Bay, the Court now turns to its request to reopen this case. Rule 5010 states, "A case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code." Fed. R. Bankr. P. 5010. Code § 350(b) provides: "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). "Section 350(b) gives the bankruptcy court broad discretion in deciding whether to reopen a case." *In re Emmerling,* 223 B.R at 864; *see also In re Easley-Brooks*, 487 B.R. 400, 406–07(Bankr. S.D.N.Y. Feb. 25, 2013) (setting forth six (6) factors relevant in determining whether "cause" exists to reopen a case).[5] The burden is on Saticoy Bay as movant to demonstrate: (1) it is a "party in interest" under Rule 5010 and therefore has standing to bring its motion; and (2) it has "cause" to reopen under § 350(b).

"Party in Interest"

"Party in interest" is not defined in the Code or the Rules as it relates to chapter 7 generally or Rule 5010 specifically. The Court has discretion to review the facts and circumstances of a case and determine whether the movant is a requisite "party in interest" to reopen a case. A leading bankruptcy treatise states that under Rule 5010, "party in interest is broadly construed, and includes the United States trustee, the trustee, and creditors. Parties not creditors of the debtor are not usually parties in interest. The type of substantive relief requested is relevant to the issue of

---

[5] The *Easley-Brooks* factors include: (1) the length of time that the case was closed; (2) whether a nonbankruptcy forum has jurisdiction to determine the issue which is the basis for reopening the case; (3) whether prior litigation in the bankruptcy court determined that a state court would be the appropriate forum; (4) whether any parties would suffer prejudice should the court grant or deny the motion to reopen; (5) the extent of the benefit to the debtor by reopening; and (6) whether it is clear at the outset that no relief would be forthcoming to the debtor by granting the motion to reopen. *In re Easley-Brooks*, 487 B.R. at 407.

whether one has standing to move to reopen." 9 COLLIER ON BANKRUPTCY ¶ 5010.02[4] (Alan N.

Resnick & Henry J. Sommer eds., 16th ed.) (hereinafter "Collier").

While the Second Circuit has yet to define the term "party in interest" as it applies to Rule

5010 specifically, other circuits have and those decisions are instructive.    *See Alexandria

Consulting Group, LLC v. Alexandria Surveys Int'l LLC,* 589 F. App'x 126 (4th Cir. 2014)

(holding that because the movant was not "the debtor, the trustee or a creditor" of the debtor, or "a

participant in the original case," it lacked standing to reopen under Rule 5010 as a party in interest);

*Goldenberg v. Deutsche Bank Nat'l Trust Co. (In re Papazov),* 610 F. App'x 700 (9th Cir. 2015)

(holding that the enumerated list of "parties in interest" in § 1109(b) may guide a court in

determining the scope of potential movants under Rule 5010 in a chapter 7 bankruptcy, and in

determining whether the movant "lacked a sufficient stake in [the debtor's] bankruptcy

proceeding"); *Nintendo Co. v. Patten (In re Alpex Computer Corp.),* 71 F.3d 353 (10th Cir. 1995)

(holding that, while "party in interest" is "generally understood to include all persons whose

pecuniary interests are directly affected by the bankruptcy proceedings," case law implicitly

confines the concept to "debtors, creditors, or trustees, each with a particular and direct stake in

reopening cognizable under the Bankruptcy Code").

Guided by the Fourth, Ninth, and Tenth Circuit interpretations of "party in interest," this

Court concludes that Saticoy Bay is not a "party in interest" for purposes of reopening Debtors'

case under Rule 5010.  First, Saticoy Bay is not a debtor, a creditor, or a trustee, as the Fourth and

Tenth Circuits require for Rule 5010 standing.  Saticoy Bay likewise does not qualify as a "party

in interest" under the expanded list of parties articulated in § 1109(b),[6] which guided the Ninth

---

[6] Applicable only in chapter 11 cases, § 1109(b), provides: A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.

Circuit's interpretation in a chapter 7 case.  While Saticoy Bay stands to incur financial harm if Debtor's bankruptcy case is not reopened and the automatic stay annulled, it never participated in Debtors' bankruptcy. Further, while harm is only part of the inquiry, a court must also consider the movant's role in the underlying bankruptcy.  *See In re Alpex Computer Corp.,* 71 F.3d at 358 ("[Movant] cannot claim a similar stake by implanting [their status in a separate civil action in New York] into a bankruptcy proceeding in which it has never participated").  Since Saticoy Bay's interest in the Property did not arise until eight days after Debtors received their discharge, when it purchased the Property at the foreclosure sale, it is not a "party in interest" with standing to reopen Debtor's bankruptcy case in which it never participated.

In addition, Rule 5010 limits movants under § 350(b) to "parties in interest," which requires the Court to analyze not only whether a movant is the correct party to bring the motion, but whether the relief sought is in keeping with the underlying purposes of chapter 7.  *See In re Comcoach Corp.,* 698 F.2d 571, 573 (2d Cir. 1983) ("When interpreting the meaning of Code terms such as 'party in interest,' we are governed by the Code's purposes.").  The primary purpose of chapter 7 bankruptcy is to liquidate estate assets and distribute the proceeds to creditors, under the supervision of the Court and without unsanctioned interference from creditors of the debtor.  *See id.*  Reopening a chapter 7 bankruptcy three years after its initial closing, at the behest of a non-participant party who seeks to have the automatic stay annulled *nunc pro tunc,* is contrary to this chapter 7 objective.  Saticoy Bay did not participate in the original bankruptcy, it did not have a pre-petition relationship with Debtors, and its interest in Debtors' Property did not arise until after

Debtors received their discharge.  Under these facts and circumstances, the Court finds that Saticoy

Bay is not a "party in interest" for purposes of reopening this case under § 350(b).[7][8]

### Conclusion

Because Saticoy Bay is not the debtor, a creditor, or a trustee, and never participated in the

underlying bankruptcy, it lacks standing as a "party in interest" pursuant to Rule 5010 to bring this

motion to reopen.  Accordingly, notwithstanding the Nevada State Court's directive to Saticoy

Bay to seek relief from this Court, the Court denies the Motion.

It is SO ORDERED.

Dated: September 28, 2017
    Utica, New York


/s/Diane Davis_____
DIANE DAVIS
United States Bankruptcy Judge

---

[7] Because the Court finds that Saticoy Bay is not a "party in interest" in the first instance, it need not address the constitutional and prudential standing arguments.

[8] Counsel for Saticoy Bay correctly argues that the Honorable Mike K. Nakagawa reached a different result in *In re Burke* when deciding an ex parte motion to reopen a chapter 7 bankruptcy case for the purpose of retroactively annulling the automatic stay in relation to a foreclosure action involving two homeowner associations.  *In re Burke*, 2016 Bankr. LEXIS 2525.  The *Burke* case is non-controlling law and, although the bankruptcy court acknowledged the non-movant's challenge to the movant's standing, that challenge was not addressed by the bankruptcy court.  *Id.* at *10.  Moreover, with respect to its underlying "cause" analysis regarding the substantive relief requested, the bankruptcy court in *Burke* balanced the equities in such a manner so as to prioritize and preserve the debtor's fresh start.  In making its determination, the bankruptcy court in *Burke* relied upon a chronological sequence of events that differs significantly from the instant case.  In particular, the creditor in *Burke* recorded a Notice of Delinquent Assessment Lien *after* the debtor had received her discharge, and conducted its foreclosure sale *after* the case had been closed for over nine months, rendering the purchaser and movant a bona fide purchaser.  In the instant case, the acts of sending, posting, and recording Notices of Trustee's Sale occurred while Debtors' bankruptcy was pending and before discharge was issued, and the foreclosure sale occurred after Debtors had received their discharge, but before their case was closed.  The facts in the *Burke* case are therefore distinguishable from the instant case.  Further, even if this Court could engage in a "cause" analysis with respect to annulment of the stay, which it cannot do because Saticoy Bay lacks standing, the factors and framework for such analysis also differ.  *Compare In re Stockwell*, 262 B.R. 275, 281 (Bankr. Vt. 2001) (reciting seven (7) factors that may be considered in order to determine whether the circumstances of a particular case are "sufficiently compelling to warrant *nunc pro tunc* lift stay relief), *with In re Burke*, 2016 Bankr. LEXIS 2525, at *9 (reciting four factors relevant to a determination of whether annulment is proper).  For these reasons, the Court gives little to no weight to this Nevada bankruptcy case.